Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**FILED**

**November 12, 2025**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas ▾

Lubbock Division

Charles A. Williams

Case No. 5-25CV-249-H

_(to be filled in by the Clerk's Office)_

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

–v–

See Attached

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Charles A. Williams | | |
| Address | 2600 South Sunset Avenue | | |
| | Littlefield | TX | 79339 |
| | *City* | *State* | *Zip Code* |
| County | Lamb | | |
| Telephone Number | N/A | | |
| E-Mail Address | N/A | | |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | Mangement & Training Corporation (MTC) | | |
| Job or Title *(if known)* | | | |
| Address | 1305 East Main Street | | |
| | Henderson | TX | 75654 |
| | *City* | *State* | *Zip Code* |
| County | Rusk | | |
| Telephone Number | (903)392-8283 | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | Texas Civil Commitment Office (TCCO) | | |
| Job or Title *(if known)* | | | |
| Address | 4616 West Howard Lane Building 2, Sutie 350 | | |
| | Austin | TX | 78728 |
| | *City* | *State* | *Zip Code* |
| County | Travis | | |
| Telephone Number | (512)341-4421 | | |
| E-Mail Address *(if known)* | TCCO@tcco.texas.gov | | |

☐ Individual capacity    ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**Defendant No. 3**

| | |
|---|---|
| Name | David Bowers |
| Job or Title *(if known)* | Administrative Director |
| Address | 2600 South Sunset Avenue |
| | Littlefield |

| City | State | Zip Code |
|---|---|---|
| Littlefield | TX | 79339 |

| | |
|---|---|
| County | Lamb |
| Telephone Number | (806)485-8100 |
| E-Mail Address *(if known)* | |

[✔] Individual capacity    [ ] Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | Christopher Brannon |
| Job or Title *(if known)* | Chief of Security |
| Address | 2600 South Sunset Avenue |

| City | State | Zip Code |
|---|---|---|
| Littlefield | TX | 79339 |

| | |
|---|---|
| County | Lamb |
| Telephone Number | (806)485-8100 |
| E-Mail Address *(if known)* | |

[✔] Individual capacity    [ ] Official capacity

**\*Additional Defendants attached. See Exhibit 2.**

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✔] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
Rights violated: Fourteenth Amendment Due Process, Fourteenth Amendment Equal Protection, Eighth Amendment Cruel and Unusual Punishment, First Amendment Access to Courts and redress of Grievances, Conspiracy to Violate Civil Rights (42 U.S.C. § 1983), Retaliation, Delberate Indifference, Substantive Due Process.
See Attachment for complete basis and explanation.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

All defendants acted as state employees or contractors for Texas and exercised official duties at Texas Civil Commitment Center under state law and authority. See attached memorandum for additional facts on the conduct of each defendant and how their actions constituted governmental conduct.

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

The events occurred at the Texas Civil Commitment Center, 2600 South Sunset Avenue, Littlefield, TX 79339

B.    What date and approximate time did the events giving rise to your claim(s) occur?

Key events began July 9, 2025, with a search, immediate solitary, and ankle monitor (approx. 4 – 5 PM). On July 11, I signed and disagreed with a demotion form. BMR hearing was July 30. I remained in solitary through August 8, 2025.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I was placed in solitary confinement and disciplined following a property search on July 9, 2025, at Texas Civil Commitment Center. Actions were taken by staff including Captain Adam Pierce and Sergeant Demoss, despite my denial of allegations and disagreement with the demotion decision. For supporting details of dates and events, see attached Statement of Claim (Exhibit C).

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical
treatment, if any, you required and did or did not receive.

As a result of being placed in solitary confinement, I suffered significant emotional distress, anxiety, and
depression. During this period, I also experienced physical discomfort and sleep deprivation. Despite requesting
medical attention and mental health services, I did not receive adequate treatment for these injuries. My access
to facility medical staff was delayed or denied, and my requests for counseling and follow-up care were not fully
addressed.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.
If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for
the acts alleged.  Explain the basis for these claims.

I respectfully request that the Court:

Award compensatory damages for emotional distress in the amount of $500,000 or more, based on the
psychological harm, anxiety, and depression suffered as a result of the defendants' actions.

Award compensatory damages in the amount of $6,300 for lost income due to my inability to work from June
2025 through January 2026 as a direct result of being placed in solitary confinement and losing my Tier 4 status.

Award punitive damages of $75,000 to $100,000 against each individual defendant, to deter similar future
misconduct and reflect the seriousness of the violations.

Issue an injunction restoring my Tier 4 status and privileges at the Texas Civil Commitment Center, and ordering
defendants to refrain from any further retaliation against me as a result of this action.

Order that all disciplinary records associated with the underlying events be expunged from my file.

Grant such other and further relief as the Court deems just and proper.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  10-28-25

Signature of Plaintiff      Charles A. Williams
Printed Name of Plaintiff   Charles A. Williams

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number
E-mail Address

## LIST OF EXHIBITS

The following exhibits are attached in support of Plaintiff's Complaint for Violation of Civil Rights (Non-Prisoner):

Exhibit 1: List of Parties

A detailed enumeration of all parties to this action.

Exhibit 2: List of Additional Defendants

An expanded list of all defendants not fully listed on the main complaint form, including their roles and relevant employment at the Texas Civil Commitment Center.

Exhibit 3: Basis of Jurisdiction, Section B

An attachment elaborating on the federal constitutional and statutory grounds for jurisdiction, in support of Section II.B of the complaint.

Exhibit 4: Basis of Jurisdiction, Section D

Supplemental statement or documentation supporting Section II.D of the complaint.

Exhibit 5: Statement of Claim, Section C

A comprehensive statement of facts supporting Plaintiff's allegations, as referenced in Section III of the complaint.

Exhibit 6: Letter from Michael Petrogeorge

A redacted letter from Michael Petrogeorge, Vice President and General Counsel for Management Training Corporation, concerning the facts or circumstances addressed in this complaint.

Exhibit 7: Affidavit of Victor Jackson (Copy)

A signed affidavit from Victor Jackson, witness to material events described in the Statement of Claim.

Exhibit 8: Memorandum in Support of Complaint

Comprehensive memorandum summarizing the chronology of events, procedural history, and supporting factual narrative relevant to all claims asserted.

Each exhibit is referenced in the narrative and should be attached to the complaint in the order provided above. All personal or private information has been redacted where appropriate for compliance with federal privacy rules.

Respectfully submitted,

Charles A. Williams

Date: October 28, 2025

**List of Parties**

**Defendant No. 5**
**Name:** Adam Pierce
**Job or Title (if known):** Administrator / MTC
**Address:** 2600 South Sunset Avenue Littlefield, TX 79339
**County:** Lamb
**Telephone Number:** (806) 485-8100
**E-Mail Address (if known):**
☒Individual Capacity ☒Official capacity

**Defendant No. 6**
**Name:** SERGEANT DEMOSS
**Job or Title (if known):** *No Longer employed for MTC in Littlefield TCCC
**Address:** 2600 South Sunset Avenue Littlefield, TX 79339
**County:** Lamb
**Telephone Number:** (806) 485-8100
**E-Mail Address (if known):**
☒Individual Capacity ☒Official capacity

**Defendant No. 7**
**Name:** Farah Sheldon
**Job or Title (if known):** Case Manager / TCCO
**Address:** 2600 South Sunset Avenue Littlefield, TX 79339
**County:** Lamb
**Telephone Number:** (806) 485-8100
**E-Mail Address (if known):**
☒Individual Capacity ☒Official capacity

**Defendant No. 8**
**Name:** Chris Greenwalt
**Job or Title (if known):** Case Manager Supervisor / TCCO
**Address:** 2600 South Sunset Avenue Littlefield, TX 79339
**County:** Lamb
**Telephone Number:** (806) 485-8100
**E-Mail Address (if known):**
☒Individual Capacity ☒Official capacity


**Defendant No. 9**
**Name:** Kara Gougler
**Job or Title (if known):** Director of Case Management / TCCO
**Address:** 4616 West Howard Lane Building 2, Suite 350 Austin, TX 78725
**County:** Travis
**Telephone Number:** (512) 341- 4421
**E-Mail Address (if known):**
☒Individual Capacity ☒Official capacity

**List of Defendants**

1.  1. Management & Training Corporation (MTC)
2.  2. Texas Civil Commitment Office (TCCO)
3.  3. David Bowers — Administrative Director
4.  4. Christopher Brannon — Chief of Security
5.  5. Adam Pierce — Administrative Captain
6.  6. Sergeant Demoss — Position and first name unknown
7.  7. Farah Sheldon — Case Manager
8.  8. Chris Greenwalt — Case Manager Supervisor
9.  9. Kara Gougler — Director of Case Management Services

ATTACHMENT TO SECTION II.B — BASIS FOR JURISDICTION

Plaintiff asserts violations of the following federal constitutional and statutory rights under color of state law:

Fourteenth Amendment Due Process

Defendants denied Plaintiff procedural due process by:

Depriving Plaintiff of the right to a fair disciplinary hearing

Denying Plaintiff the opportunity to call witnesses and present exculpatory evidence

Failing to provide an impartial decision maker

Fourteenth Amendment Equal Protection

Defendants applied disciplinary policies and procedures in an inconsistent and discriminatory manner, depriving Plaintiff of equal protection under the law.

Eighth Amendment Cruel and Unusual Punishment

Defendants imposed excessive and punitive sanctions, including solitary confinement and loss of privileges, under circumstances constituting cruel and unusual punishment.

First Amendment Right of Access to Courts and Petition for Redress

Defendants interfered with Plaintiff's right to petition for redress of grievances and to access the court system, including by failing to respond to or forward grievances and by imposing procedural barriers to review.

Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985

Defendants knowingly conspired to deprive Plaintiff of his constitutional rights through coordinated punitive and investigatory actions despite possessing information confirming Plaintiff's innocence.

Williams v. Management & Training Corporation, et al.    Exhibit 3 – Basis of Jurisdiction, Section B    Page 1 of 2

Retaliation for Exercise of Protected Rights

Defendants imposed punitive sanctions and restrictions in retaliation for Plaintiff's efforts to challenge disciplinary actions, seek redress, or assert legal rights.

Deliberate Indifference to Constitutional Rights

Defendants exhibited deliberate indifference by disregarding exculpatory evidence and credible witness statements and by failing to investigate claims of innocence or sabotage.

Substantive Due Process

Defendants' conduct was arbitrary, capricious, and undertaken in bad faith, in violation of fundamental notions of substantive due process.

Plaintiff reserves the right to supplement or amend this list as additional facts or legal grounds become apparent.

Respectfully submitted,

Charles A. Williams

Date: October 28, 2025

**Basis of Jurisdiction Section D — Defendant Details and Actions Under Color of State Law**

This exhibit provides individual detail regarding each defendant named in this Complaint. For further factual narrative, see attached memorandum.

**Adam Pierce — Captain, Texas Civil Commitment Center (MTC)**

At all relevant times, Adam Pierce was employed by Management Training Corporation as Captain at the Texas Civil Commitment Center. He supervised facility operations, directed property searches, oversaw disciplinary hearings, and imposed punishment as part of his State of Texas duties under contract and facility policies.

**Sergeant Demoss — Texas Civil Commitment Center (MTC)**

Sergeant Demoss acted as a supervisor performing property searches and enforcing discipline pursuant to Texas law and facility rules under contract to the State of Texas.

**David Bowers — Administrative Director, Texas Civil Commitment Center (MTC)**

David Bowers managed administrative matters at TCCC, enforcing policies, overseeing grievances, and exercising authority as an agent of Management Training Corporation under state contract.

**Chris Greenwalt — Case Manager Supervisor, Texas Civil Commitment Center (TCCO)**

Chris Greenwalt supervised case management for civilly committed residents, issued sanctions, and participated in disciplinary hearings, acting under Texas law, TCCO regulation, and facility policy.

**Christopher Brannon — Chief of Security, Texas Civil Commitment Center (MTC)**

Christopher Brannon oversaw security, conducted or reviewed searches, processed disciplinary actions, and enforced facility protocols as a state agent.

**Farah Sheldon — TCCO Case Manager**

Sheldon implemented supervision, placed monitoring devices, processed paperwork, and made disciplinary recommendations as a state employee under statutory authority.

**Amanda Beltran — TCCO Case Manager**

Beltran coordinated reporting, processed emails and communications on disciplinary matters, and acted with authority as an employee of the Texas Civil Commitment Office.

## Management Training Corporation (MTC)

MTC operated the Texas Civil Commitment Center under state contract, responsible for all facility operations, discipline, and management, acting under color of state law.

## Texas Civil Commitment Office (TCCO)

TCCO administered and supervised the statewide civil commitment program, set policy, and was responsible for overall enforcement of Texas civil commitment laws.

See attached memorandum for additional facts on the conduct of each defendant.

**Statement of Claim – Section C**

On July 9, 2025, while I was at the Texas Civil Commitment Center, Captain Adam Pierce, who works for MTC, entered my living area and ordered Sergeant Demoss to search my property. He claimed he had information from a confidential informant that I had an SD card with pornography in my possession. Sergeant Demoss looked in my property box under my bed, found a roll of toilet paper, and said there was a 12GB SD card hidden inside. He gave it straight to Captain Adam Pierce, who stopped the rest of the search. Both of them left with the SD card, and soon after, Captain Pierce and Chief of Security Christopher Brannon came back to my door and told me there was porn on the card. I never saw any physical evidence, and no proof was ever shown to me.

I told Captain Pierce and Sergeant Demoss that I did not own or ever possess that SD card. Under Captain Pierce's direction, I wrote a statement to that effect. Regardless, Captain Adam Pierce and Chief of Security Christopher Brannon decided to lock me up in solitary confinement. I was immediately escorted away and kept in solitary until August 8, 2025.

After two days, on July 11, 2025, TCCO Case Manager Farah Sheldon, Assistant Director Kara Gougler, and Captain Adam Pierce came to solitary and told me they were taking away my Tier 4 status and dropping me to Tier 3, even though I had finished all my assignments and was waiting to go before the panel for release consideration. I told them they were treating me as if I was guilty before any kind of fair process. They just left, without giving me a chance to defend myself.

In the weeks that followed, Resident Victor Jackson provided an affidavit stating that another resident planted the SD card in my property box to set me up. Victor Jackson told several officials, including David Bowers (Administrative Director), Case Manager Amanda Beltran, and others. Despite knowing this, nobody did anything to help me or even investigate his statement.

My Behavioral Management Report (BMR) hearing was held on July 30, 2025. Present were Rebecca Lang (Clinical Director), Chris Greenwalt (Case Manager Supervisor, TCCO), Grievance Coordinator I. Rodriguez, and Captain Adam Pierce. I was not allowed to call any witnesses in my defense or present any documents, including Victor Jackson's affidavit. Captain Pierce read my disciplinary report to the committee, but he was also the one who accused and punished me a clear conflict of interest. They decided on the spot to keep me in solitary for 30 days, add 30 days of cell restriction, and Chris Greenwalt gave me a six-month package restriction.

Immediately after the hearing, I filed an MTC grievance but never received a response. This prolonged isolation, the loss of my Tier 4 status, and being blocked from moving forward in

Williams v. Management & Training Corporation, et al.    Exhibit 5 – Statement of Claim, Section C    Page 1 of 3

the program has done real harm to me: emotionally, mentally, and to my hope for release. I have always denied any knowledge or ownership of the SD card and still believe I was set up. Instead of getting a fair hearing, the staff ignored the evidence supporting my innocence and kept me from presenting any real defense.

In summary: I was sanctioned, demoted, and put in solitary confinement based on the word of a so-called confidential informant and an SD card I never owned or possessed. Despite following every rule and finishing all my required work, my progress was destroyed without a fair hearing or any proper investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _Charles A. Williams_

Printed Name: Charles A. Williams

Date: October 28, 2025

**MTC** Management
& Training
Corporation

A Leader in Social Impact

Michael P. Petrogeorge
Vice President & General Counsel

7/29/2025



It was Mr. Williams' personal property box, not his "legal box", that was searched. The
search was conducted because the facility received credible information from a
confidential informant suggesting Mr. Williams possessed contraband, and that it was
stored in his personal property box.



Sincerely,

Michael Petrogeorge

Affidavit Of <u>Victor Jackson #03334170</u>

The State Of Texas
County Of Lamb.

Victor Jackson on this day by Unsworn Declaration declare to tell the truth, and states the following:

My name is Victor Jackson, I am of sound mind, over the age of eighteen, and capable of making this Affidavit. I have personal knowledge of the facts written in this statement. I understand that if I lie I may be held criminally responsible. This statement is true:

Resident Randy Dupree #05750658 told me personally himself that he had someone to plant a SD Card with Porn on it in Resident Charles Williams #04067663 living area and/or personal property.
I disclosed this vital information with Captain Pierce who informed me that there was nothing he could do to correct the wrong that had been committed against Resident Charles Williams #04067663.
I disclosed this vital information with Mr. David Bowers, Facility Administrator, he said that he would call me out to further discuss the details of it but Mr. David Bowers never arranged for him and I to finish our discuss on the matter of Resident Charles Williams #04067663 having been set up.
I went to Case Manager Mrs. Amanda Beltran with this vital information and I explained to Mrs. Amanda Beltran that Resident Randy Dupree #05750658 told me that he had someone to plant a SD Card with Porn on it in Resident Charles Williams #04067663 living area and/or personal

Page 1 of 2

property. Ms. Amanda Beltran logged this information into her Tccc computer and E-mailed it to all the other case managers and as well as E-mailing it to every Clinical Therapist at Tccc.

I went on to tell my case Manager Ms. Rachel Kingston about what Resident Randy Dupree #05750658 had personally shared with me.. V.S.

Affiant Sayeth Not.

Victor Jackson #0333417C

## UNSWORN DECLARATION

I, Victor Jackson, born on 5·21·68, do declare under penalty of perjury the following Affidavit is true and correct to the best of my knowledge. See Texas Civil Practice and Remedies Code §132.001.

Executed on this the 31 day of August, 2025.

Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

Page 2 of 2



| US POSTAGE IMI | 000551106200208 | 2000393336 |
| --- | --- | --- |
| $38.35 SSK PME | | |

11/06/25    Mailed from 75013    028W2311557

# PRIORITY MAIL EXPRESS®

Charles A. Williams
#04067663 TCCC
2600 S. Sunset Avenue
Littlefield, TX 79339

1 lb 7.70 oz
**RDC 07**

WAIVER OF SIGNATURE REQUESTED

SCHEDULED DELIVERY DAY: 11/08/25 06:00 PM

C067

SHIP
TO:



**US DISTRICT COURT
RM 209
1205 TEXAS AVE
LUBBOCK TX 79401-4027**

## USPS TRACKING® NUMBER



9570 1065 8766 5310 2950 12

